UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOLETA STARR and JOHN PIMENTAL,  )
Parents and next Freinds of JDP, Infant )
5108 Second Street, NW, #4             )                    \
Washington, DC 20011                      )
                                                        )
            and                                       )
                                                        )
DOLETA STARR, Individually            )
5108 Second Street, NW, #4             )
Washington, DC 20011                      )
                                                        )
            and                                       )
                                                        )
JOHN PIMENTAL, Individually          )
5108 Second Street, NW, #4             )
Washington, DC 20011                      )
                                                        )
                    Plaintiffs,                      )
                                                        )
            v.                                           )    Civil Action No.   -
                                                        )
JAMES M. CHAMBERLAIN, M.D.      )
111 Michigan Avenue, N.W.             )
Washington, DC 20010                      )
                                                        )
            and                                       )
                                                        )
SUSAN HAWLEY[1], M.D.                  )
111 Michigan Avenue, N.W.             )
Washington, DC 20010                      )
                                                        )
            and                                       )
                                                        )
CHILDREN'S NATIONAL                  )
MEDICAL CENTER                         )
111 Michigan Avenue, N.W.             )
Washington, DC 20010                      )
                                                        )
                    Defendants.                     )
_____)

---

[1] Misidentified in the pleadings as "Susan Hanley."

## NOTICE OF REMOVAL OF A CIVIL ACTION

Defendant, Susan Hawley, through counsel, respectfully notifies the Court as follows:

1.     Defendant is a commissioned officer on active duty in United States Army Medical Corps.  As such, she is an employee of the U.S. Department of the Army.

2.     Pursuant to 42 U.S.C. § 233 (c), undersigned counsel advises the Court that Defendant was acting in the scope of her employment at the time of the incident out of which this suit arose.  See Certification by Rudolph Contreras, Chief of Civil Division, U.S. Attorney's Office and Letter from John B. Wells, Chief, Tort Litigation Branch, U.S. Army Litigation Division (attached as Exhibit A).  Accordingly, Defendant is an employee of the U.S. Department of the Army and covered by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-80 ("FTCA").

2.     The above-entitled action was commenced on or about March 25, 2008 A copy of the Complaint is attached hereto as Exhibit B.  The subject of the above-entitled action concerns the alleged acts by Susan Hawley at while engaged as an intern at Children's National Medical Center between on or about March 26, 2004 and March 28, 2004.

3.     Specifically, the Complaint alleges that on March 26, 2004, the infant Plaintiff was misdiagnosed upon presentation at Children's Naitonal Medical Center on March 26, 2004.  See Exhibit B (Complaint).

4.     This notice of removal is brought pursuant to 28 U.S.C. §§ 1441, 1442 (a)(1), and 28 U.S.C. 2679(d)(2), because this action is one in which the district court has original

2

jurisdiction to resolve defenses based on federal law and because the action is against an employee of the Department of the Army, a federal agency.

WHEREFORE, this matter is properly removed from the Superior Court of the District of Columbia, to this Court, pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) and 1446, as well as 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2).

Dated: _July 31_, 2008.

Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
LANNY J. ACOSTA, JR.
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895

3



**DEPARTMENT OF THE ARMY**
**UNITED STATES ARMY LEGAL SERVICES AGENCY**
**901 NORTH STUART STREET**
**ARLINGTON, VA 22203-1837**

REPLY TO
ATTENTION OF:

July 21, 2008

Litigation Division
Tort Branch

Jeffery A. Taylor
United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

Reference: Request for Certification of Scope of Employment – Major Susan Hawley, <u>Doleta Starr</u> and John Pimentel, Parents and Next Friends of JDP, Infant, et al. v. James M. Chamberlain, M.D. et al., 2008 CA 002463 M, Superior Court District of Columbia

Dear Mr. Taylor:

Enclosed is a Request for Department of Justice Representation (which we construe as a request to certify and substitute) submitted by U.S. Army Major Susan Hawley, a named defendant in the above-captioned case.

The complaint, filed March 25, 2008, alleges negligence on the part of "Major Hanley" [sic] (misidentifying Major Hawley) regarding the medical treatment of an infant child at Children's National Medical Center in March 2004. At the time of the accident, Major Hawley was a U.S. Army pediatric resident of the National Capital Consortium serving a rotation at the Children's National Medical Center for healthcare education, experience, and learning purposes. This was done pursuant to the 2001 Memorandum of Agreement between the Children's Hospital National Medical Center and the National Capital Consortium (a Department of Defense instrumentality).

Major Hawley's supervisors have indicated by separate memoranda that she was, at the time of the incident, acting within the scope of her duties during the relevant date. We have no information that would lead us to believe Major Hawley was acting outside the scope of her employment.

I recommend that you grant the above named defendant's request for certification and substitution, as the authority to certify scope of employment under 28 U.S.C. 2679 has been delegated to the individual United States Attorneys under 28 C.F.R. 15.3. Accordingly, I am sending this request to you for action.

If further information or assistance is required, please contact Captain Dan Dalrymple at (703) 696-1638.

EXHIBIT
A

-2-

Thank you for your attention to this matter.

Sincerely,

John B. Wells
Lieutenant Colonel, U.S. Army
Chief, Tort Litigation Branch

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

Doleta Starr and John Pimentel, Parents and Next Friends
of JDP, Infant, et al.

_Plaintiff_

vs.

James M Chamberlain, M.D.

_Defendant_

Civil Action No. 0002463-08

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

Jonathan Schochor/Kerry D. Staton

Name of Plaintiff's Attorney

1211 Saint Paul Street

Address

Baltimore, Maryland 21202

410-234-1000

Telephone

By _Adrienne J. Marsh_

Deputy Clerk

Date  3/25/2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(5)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



EXHIBIT
B

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

DOLETA STARR and JOHN PIMENTEL,  :
Parents and Next Friends of
JDP, Infant                      :
5108 Second Street, NW, #4
Washington, DC 20011             :

     and                          :

DOLETA STARR, Individually       :
5108 Second Street, NW, #4
Washington, DC 20011             :

     and                          :

JOHN PIMENTEL, Individually      :
5108 Second Street, NW, #4
Washington, DC 20011             :

       Plaintiffs              :

     v.                           :      Civil Action No.:

JAMES M. CHAMBERLAIN, M.D.       :
111 Michigan Avenue, N.W.
Washington, DC 20010             :

     and                          :

SUSAN HANLEY, M.D.               :
111 Michigan Avenue, N.W.
Washington, DC 20010             :

     and                          :

CHILDREN'S NATIONAL              :
MEDICAL CENTER
111 Michigan Avenue, N.W.        :
Washington, DC 20010

0002463-08

RECEIVED
Civil Clerk's Office
MAR 2 5 2008
Superior Court of the
District of Columbia
Washington, D.C.

Serve On Resident Agent:
C.T. Corporation System   :
1015 15th Street, NW, #1000
Washington, DC 20005   :

Defendants   :

:   :   :   :   :   :   :   :   :   :   :   :   :

## COMPLAINT

### COUNT I

#### (Medical Negligence)

1.      The Plaintiffs, Doleta Starr and John Pimentel, Parents and Next Friends of JDP, Infant, by their attorneys, Jonathan Schochor, Kerry D. Staton and Schochor, Federico and Staton, P.A., sue James M. Chamberlain, M.D., Susan Hanley, M.D., and Children's National Medical Center, Defendants.

2.      Jurisdiction of this Honorable Court is based upon Section 11-921, 12-101, and 16-2701 of the District of Columbia Code (1981 Ed., as amended) and by virtue of the fact that the tortious acts and omissions complained of herein occurred within the District of Columbia.

3.      At all times of which the Plaintiffs complain, the Defendant Chamberlain and Hanley represented to the Plaintiffs and the public that they possessed the degree of skill, knowledge and ability possessed by reasonably competent medical practitioners, practicing under the same or similar circumstances as those involving the Infant Plaintiff.

4.      The Plaintiffs allege that the Defendants Chamberlain and Hanley owed to the Plaintiffs the duty to exercise the degree of care, skill and judgment expected of a competent medical practitioner acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and

2

severity of the Infant Plaintiff's condition, careful diagnosis of such condition, employment of appropriate procedures, surgery and/or treatment to correct such conditions without injury upon the Infant Plaintiff, continuous evaluation of the Infant Plaintiff's condition and the effects of such treatment, and adjustment of the course of treatment in response to such ongoing surveillance and evaluation -- all of which the Defendants failed to do.

5.      The Defendants Chamberlain and Hanley were negligent in that they failed to employ appropriate treatment, surgery, tests and/or procedures, failed to carefully and thoroughly evaluate the Infant Plaintiff's condition, failed to properly and appropriately diagnose the Infant Plaintiff's condition, failed to thoroughly evaluate the effects and results of any tests and/or procedures performed, failed to properly evaluate the effects of chosen treatment, failed to adjust the Infant Plaintiff's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Infant Plaintiff's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Infant Plaintiff's condition, and were otherwise negligent.

6.      The Plaintiffs allege that the Defendant Children's National Medical Center (hereinafter referred to as "Hospital"), through its agents, servants and employees, owed to the Infant Plaintiff a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Infant Plaintiff's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Infant Plaintiff, continuous evaluation of the Infant Plaintiff's condition

and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant Hospital failed to do.

7.    The Defendant Hospital, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Infant Plaintiff's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Infant Plaintiff's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Infant Plaintiff's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Infant Plaintiff's condition, failed to diagnose the Infant Plaintiff's condition and was otherwise negligent.  At all times referred to herein, the Defendants Chamberlain and Hanley acted on their own behalf as well as duly authorized agents and/or employees of the Defendant Hospital, as were other health care professionals, acting within the scope of their authority.

8.    As the direct and proximate result of the negligence of these Defendants and each of them, the Infant Plaintiff suffered unending physical pain, emotional anguish, fear and anxiety, ultimately culminating in severe and permanent brain injury, which is more fully described, hereinbelow.

9.    At 10:30 a.m. on March 26, 2004, the Infant Plaintiff (age 7 months) presented with his mother to the Defendant Hospital's emergency department. His mother reported two days of significant diarrhea, the fact that the baby could not sit up for a matter of days, and fever in the range of 102°F to 104°F. She further explained that she had been administering Tylenol, but that the baby had not responded. At the time of triage, the Infant Plaintiff was noted to have

4

a rectal temperature of 104.72°F, a pulse of 130, a respiratory rate of 28, and a blood pressure of 98/47. Further, the triage nurse noted liquidy-yellow stool and administered Tylenol.

10.     After waiting three hours, the Infant Plaintiff was finally examined by an emergency department physician. The physician noted the history of fever as well as the present fever. Further, the Infant Plaintiff's mother indicated that the fever had increased and was accompanied by sleepiness as well as agitation.

11.     Upon examination, the physicians noted that the Infant Plaintiff resisted movement of his thighs and knees bilaterally, and had a history which included the fact that the baby would not sit up. However, no neurological examination was provided, no nuchal examination was performed, and no lumbar puncture was completed -- in violation of the standards of care.

12.     Blood studies were ordered which revealed a white blood cell count of 14.46 -- indicative of significant infection. Amazingly, the emergency department physician diagnosed the Infant Plaintiff with "febrile illness" -- in addition to probable bilateral hip dysplasia based on a questionable x-ray. The Infant Plaintiff was discharged to home with his mother with instructions to take Tylenol and follow-up subsequently.

13.     At 9:30 p.m. on March 28, 2004, the Infant Plaintiff re-presented to the Defendant Hospital's emergency department with complaints of fever, tactile temperature, right arm and right sided trembling. His temperature was 103.82°F upon presentation to the Defendant Hospital. The examining emergency department physician was advised that there was an onset of right arm and right sided trembling and the appearance that his eyes were rolling back into his head. Upon examination, the emergency department physician noted a failure of the Infant Plaintiff's eyes to track , as well as a gazed deviation to the right and slow pupil reactivity.

Finally, a neurological examination was obtained which revealed increased tone in the extremities, and a fixed gaze. Nuchal examination was finally completed which was abnormal. As a result of these findings, the baby was belatedly admitted to the Pediatric Intensive Care Unit.

14. A subsequent work-up, including lumbar puncture, confirmed the presence of Group A streptococcus pyogenes. Subsequent enhanced CT scan of the head confirmed infarction/cerebritis of the temporal, parietal, and occipital lobes. The Infant Plaintiff was finally diagnosed with Group A strep meningitis and treated with Vancomycin until sensitivity studies were returned. At that time, treatment was changed to intravenous Penicillin. An MRI of the brain performed on April 2, 2004 confirmed extensive infarction of the cerebrum bilaterally (right greater than left), and extensive abnormal leptomeningeal enhancement -- consistent with extensive encephalitis. The ultimate diagnosis was bacterial meningitis with obvious, massive brain injury.

15. On April 26, 2004, the Infant Plaintiff was discharged from the Defendant Hospital to the Hospital for Sick Children for Level I rehabilitation. He had suffered global, massive and irreversible brain injury, requiring around-the-clock care for the remainder of his life.

16. It is alleged that the emergency department physicians and staff at the Defendant Hospital breached the applicable standards of care. When the Infant Plaintiff presented with a significantly high fever (104.72°F), bilateral resistance to movement of his lower extremities, an inability to sit up for nine days, and a white blood count approximating 15,000, the Defendant Hospital's personnel were obligated by the standards of care to rule out meningitis as an etiology of the Infant Plaintiff's presentation.

6

17.    It is alleged that the standards of care required the Defendant to perform a neurological examination (or obtain neurological consultation), perform a nuchal examination, perform a lumbar puncture, and admit the Infant Plaintiff for intravenous antibiotic therapy pending results of the lumbar puncture.   Contrary to the standards of care, none of these mandated studies and/or examinations was completed.   The Defendant Hospital's personnel simply made a diagnosis of "febrile illness," and discharged the child to his home to take Tylenol, which he was taking prior to presentation with no beneficial effect.

18.    It is alleged that a child with a significantly elevated temperature, elevated white blood count, resistance to movement of the lower extremities, and inability to sit up for a period of nine days, required meningitis to be ruled out through a lumbar puncture.   Had that one test been completed, it would have demonstrated the presence of bacteria and confirmed the diagnosis of the meningitis from which the Infant Plaintiff suffered.   Further, had the neurological examinations, including nuchal examination been completed, they likewise would have demonstrated abnormalities indicative of meningitis which would have required emergency admission and treatment.

19.    Following a lumbar puncture, it is alleged that the Infant Plaintiff should have been admitted to the Pediatric Intensive Care Unit for the administration of intravenous Ceftriaxone pending return of the spinal fluid cultures.   These antibiotics would have been administered prophylactically.   When the cultures were returned, they would have demonstrated the presence of Strep A bacteria which would have required further inpatient treatment with continued antibiotic therapy.

20.    However, as the direct and proximate result of the ongoing negligence of the Defendant Hospital's personnel, the Infant Plaintiff was deprived of any treatment whatsoever, no

7

meaningful diagnosis was made, and the Infant Plaintiff was simply sent home where the disease process was permitted to progress and extend to the point that he suffered the global and irreversible brain damage referred to hereinabove.

21.    Had the Defendant Hospital's personnel conformed with the applicable standards of care, completed the necessary tests, studies and examinations, admitted the child for antibiotic therapy and managed the Infant Plaintiff appropriately, all of the injuries, damages and permanent disability would have been avoided. In fact, had the Defendant Hospital's personnel complied with the applicable standards of care, it is alleged that the Infant Plaintiff would have been successfully treated, and would have been returned to his home with his mother and father, with no neurological deficits whatsoever.

22.    However, as the direct and proximate result of the ongoing negligence of the these Defendants, the Infant Plaintiff has been rendered severely brain injured. He will not enjoy a normal childhood, will not grow to be a productive adult, will not seek and/or hold gainful employment, will not enjoy the activities normal children and adults enjoy, will not marry and have children, will not attend normal schools, and will not become a productive member of society. Further, he will require constant, skilled medical and nursing care for his entire lifespan. In essence, it is alleged that the quality of the Infant Plaintiff's life has been destroyed through the negligence of these Defendants.

23.    It is alleged that the Infant Plaintiff has in the past, is presently and will in the future continue to incur hospital, surgical, physiotherapeutic, pharmacological, nursing, custodial and other losses and expenses. Additionally, it is alleged that he has in the past, is presently and will in the future continue to suffer unending physical pain, emotional anguish as well as fear and anxiety over his condition.

8

24.    The Plaintiffs and Infant Plaintiff refer to the negligence of these Defendants and each of them as the sole and proximate cause of all of the injuries, damages, global brain injury and disability -- with the Plaintiffs and Infant Plaintiff being in no way contributorily negligent.

WHEREFORE, the Plaintiff demands judgment against these Defendants, jointly and severally, for all damages and injuries sustained in the amount of Fifty Million Dollars ($50,000,000.00).

Jonathan Schochor - No. 126102

Kerry D. Staton - No.413637

Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs


## COUNT II

1.    Jurisdiction of this Honorable Court is based upon Section 11-921, 12-101, and 16-2701 of the District of Columbia Code (1981 Ed., as amended) and by virtue of the fact that the tortious acts and omissions complained of herein occurred within the District of Columbia.

2.    The Plaintiffs, Doleta Starr and John Pimentel, by their attorneys, Jonathan Schochor, Kerry D. Staton and Schochor, Federico and Staton, P.A., sue James M. Chamberlain, M.D., Susan Hanley, M.D., and Children's National Medical Center, Defendants.

9

3.    The Claimant incorporates in this Count those facts set forth in Count 1 hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

4.    It is alleged that Doleta Starr and John Pimentel are the parents of JDP, the Infant Plaintiff.

5.    As the direct and proximate result of the negligence of the Defendant Hospital's personnel, the Plaintiffs have in the past, are presently and will in the future continue to incur hospital, surgical, physiotherapeutic, pharmacological, nursing, custodial and other losses and expenses for which claim is made.

WHEREFORE, the Plaintiff demands judgment against these Defendants, jointly and severally, for all damages and injuries sustained in the amount of Thirty Million Dollars ($30,000,000.00).

Jonathan Schochor - No. 126102

Kerry D. Staton - No.413637

Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland  21202
(410) 234-1000

Attorneys for the Plaintiffs

10

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

DOLETA STARR and JOHN PIMENTEL,  :
Parents and Next Friends of
JDP, Infant, et al                         :

       Plaintiffs                          :

   v.                                              :        Civil Action No.:

JAMES M. CHAMBERLAIN, M.D., et al   :

       Defendants                       :

:   :   :   :   :   :   :   :   :   :   :   :   :

### CERTIFICATION OF VALUE IN EXCESS OF $50,000,000

Pursuant to Rule II of the Rules of Mandatory Arbitration for the Superior Court of the District of Columbia, the undersigned, as counsel for the Plaintiff, hereby certify that each Count of the Complaint in this case is reasonably valued in excess of $50,000.00. In addition, there are substantial medical and related bills.

Jonathan Schochor - No. 126102

Kerry D. Staton - No. 413637

Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs

11

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

DOLETA STARR and JOHN PIMENTEL,  :
Parents and Next Friends of
JDP, Infant, et al                :

       Plaintiffs              :

     v.                             :     Civil Action No.:

JAMES M. CHAMBERLAIN, M.D., et al   :

       Defendants             :

:    :    :    :    :    :    :    :    :    :    :    :

### ELECTION FOR JURY TRIAL

The Plaintiffs in this case elect to try their case before a Jury of six.

Jonathan Schochor - No. 126102

Kerry D. Staton - No. 413637

Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs

12

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DOLETA STARR and JOHN PIMENTAL, )
Parents and next Freinds of JDP, Infant     )
5108 Second Street, NW, #4     )
Washington, DC 20011     )
     )
     and     )
     )
DOLETA STARR, Individually     )
5108 Second Street, NW, #4     )
Washington, DC 20011     )
     )
     and     )
     )
JOHN PIMENTAL, Individually     )
5108 Second Street, NW, #4     )
Washington, DC 20011     )
     )
        Plaintiffs,     )
     )
       v.     )    Civil Action No.  08-2463
     )
JAMES M. CHAMBERLAIN, M.D.     )
111 Michigan Avenue, N.W.     )
Washington, DC 20010     )
     )
     and     )
     )
SUSAN HAWLEY[1], M.D.     )
111 Michigan Avenue, N.W.     )
Washington, DC 20010     )
     )
     and     )
     )
CHILDREN'S NATIONAL     )
MEDICAL CENTER     )
111 Michigan Avenue, N.W.     )
Washington, DC 20010     )
     )
        Defendants.     )
_____)

[1] Misidentified in the pleadings as "Susan Hanley."

NOTICE OF FILING OF NOTICE OF REMOVAL OF A CIVIL ACTION

TO:   DOLETA STARR and JOHN PIMENTAL,
       Parents and next friends of JDP, Infant
       5108 Second Street, NW, #4
       Washington, DC 20011

       DOLETA STARR, Individually
       5108 Second Street, NW, #4
       Washington, DC 20011

       JOHN PIMENTAL, Individually
       5108 Second Street, NW, #4
       Washington, DC 20011

PLEASE TAKE NOTICE that on July 31, 2008, Susan Hawley, through undersigned

counsel, filed with the Clerk of the United States District Court for the District of Columbia and

with the Clerk of the District of Columbia Superior Court a Notice of Removal of the above-

entitled action. A copy of the Notice of Removal is attached hereto. The Superior Court of the

District of Columbia "shall proceed no further unless and until the case is remanded." 28 U.S.C.

§ 1446(d).

                       Respectfully submitted,

                       JEFFREY A. TAYLOR, D.C. Bar # 498610
                       United States Attorney

                       RUDOLPH CONTRERAS D.C. Bar # 434122
                       Assistant United States Attorney

                       /s
                       LANNY J. ACOSTA, JR.
                       Special Assistant U.S. Attorney
                       555 Fourth Street, N.W.,
                       Washington, D.C.  20530
                       (202) 353-9895

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DOLETA STARR and JOHN PIMENTAL, )
Parents and next Freinds of JDP, Infant )
5108 Second Street, NW, #4 )
Washington, DC 20011 )
                )
       and )
                )
DOLETA STARR, Individually )
5108 Second Street, NW, #4 )
Washington, DC 20011 )
                )
       and )
                )
JOHN PIMENTAL, Individually )
5108 Second Street, NW, #4 )
Washington, DC 20011 )
                )
          Plaintiffs, )
                )
         v. )   Civil Action No.   -
                )
JAMES M. CHAMBERLAIN, M.D. )
111 Michigan Avenue, N.W. )
Washington, DC 20010 )
                )
       and )
                )
SUSAN HANLEY, M.D. )
111 Michigan Avenue, N.W. )
Washington, DC 20010 )
                )
       and )
                )
CHILDREN'S NATIONAL )
MEDICAL CENTER )
111 Michigan Avenue, N.W. )
Washington, DC 20010 )
                )
          Defendants. )
_____ )

## WESTFALL CERTIFICATION

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and first redelegated to me on March 20, 2006, hereby certify that I have read the complaint in <u>Doleta Starr and John Pimental et al. v. James M. Chamberlain, M.D. et. al</u>, pending in the Superior Court for the District of Columbia, Civil Action No. 08-0002463 (filed March 25, 2008), and that on the basis of the information now available to me with respect to the incidents alleged therein, I find that federal defendant Susan Hawly, misidentified in the pleadings as "Susan Hanley," was acting within the scope of her employment as an employee of the United States at the time of the alleged incidents.

July 22, 2008

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney
Chief, Civil Division

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOLETA STARR, ETAL
_____
Plaintiff

v.

Civil Action No. 08 1329

JUL 31 2008

JAMES H. CHAMBERLAIN, M.D.
_____
Defendant                ETAL

    The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge **URBINA, J. RMU**. All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action. (See preceding sentence for judge's initials).

    Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

    Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

                    NANCY MAYER-WHITTINGTON, CLERK

                    By _____
                        Deputy Clerk

cc: JONATHAN SCHOC HOR

                                929A
                                Rev. 7/02

## CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

**I (a) PLAINTIFFS**

Doleta Starr and John Pimental, parents and next friends of JDP Infant, Doleta Starr, Individually, and John Pimental, Individually    11001

**DEFENDANTS**

James M. Chamberlain, M.D., Susan Hawley, and Children's National Medical Center    11001

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jonathan Schochor/Kerry D. Staton
1211 Saint Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Case: 1:08-cv-01329
Assigned To : Urbina, Ricardo M.
Assign. Date : 7/31/2008
Description: PI/Malpractice

**II BASIS OF JURISDICTION**
(SELECT ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)
( FOR DIVERSITY CASES ONLY!)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**◉ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☒ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| O **G. Habeas Corpus/2255** | O **H. Employment Discrimination** | O **I. FOIA/PRIVACY ACT** | O **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O **K. Labor/ERISA (non-employment)** | O **L. Other Civil Rights (non-employment)** | O **M. Contract** | O **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
O 1 Original Proceeding   ⊙ 2 Removed from State Court   O 3 Remanded from Appellate Court   O 4 Reinstated or Reopened   O 5 Transferred from another district (specify)   O 6 Multi district Litigation   O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1441 - Removal

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ $30,000,000.00   Select YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE July 31, 2008   SIGNATURE OF ATTORNEY OF RECORD

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.